IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA WESTOVER, | ) | CASE NO. 5:17 CV 2606 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

# Introduction

Before me[1] is an action by Christina Westover under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").[2]

Westover asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Westover presents the following issues for judicial review:

- Whether the ALJ erred in finding that Westover's narcolepsy and cataplexy did not equal Listing § 11.02 under POMS DI 24580.005.

- Whether the ALJ erred in failing to give weight to the opinion of a treating certified nurse practitioner, instead giving weight to the state agency doctor opinions in the record and the ALJ's own opinion on medical matters.

---

[1] ECF No. 17.   The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

- Whether the ALJ erred in using an improper standard when determining whether Westover was disabled.

- Whether the ALJ's numerous errors resulted in a failure to properly evaluate this matter at Step Four and meet her burden at Step Five.

## Analysis

This case is particularly troublesome. Westover's primary argument consists of her assertion that her narcolepsy and cataplexy – for which there are no listings – equal the requirements of Listing § 11.02 (epilepsy). Westover offers no acceptable medical source opinion in support of her position; rather, she asked the ALJ below – and now this Court – to conclude, "based on medical findings," that her narcolepsy and cataplexy equal in severity the requirements of Listing § 11.02.

The oft-repeated maxim for Step Three consists of the fundamental premise that the claimant bears the burden of proof[3] and, when seeking a finding that an impairment is equivalent to a listing, must present "medical findings" that show her impairment is "equal in severity to all the criteria for the one most similar listed impairment."[4] Juxtaposed to this mandate is Social Security Ruling ("SSR") 96-6p, which states:

> [L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on evidence before the ALJ . . . must be received into the record as expert opinion evidence and given appropriate weight. The signature of a State agency medical . . . consultant on an SSA 831-U5 . . . ensures that consideration by a physician . . . designated by the

---

[3] *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009).
[4] *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review.[5]

"The underlying concern prompting the need for expert guidance is that equivalence represents a complex medical determination beyond the ALJ's ken."[6]  As a result, "courts often remand when the record lacks an expert opinion on the topic."[7]

The Sixth Circuit "does not require a heightened articulation standard [from the ALJ] at Step Three of the sequential evaluation process."[8] But "in order to conduct a meaningful review, the ALJ must make it sufficiently clear in his or her decision the reasons for the determination [as to the meeting a listing] in order for the Court to conduct a meaningful review."[9]  An ALJ's "mere rote recitation of boilerplate language"[10]  at Step

---

[5] Social Security Administration, POLICY INTERPRETATION RULING TITLES II AND XVI: CONSIDERATION OF ADMINISTRATIVE FINDINGS OF FACT BY STATE AGENCY MEDICAL AND PSYCHOLOGICAL CONSULTANTS AND OTHER PROGRAM PHYSICIANS AND PSYCHOLOGISTS AT THE ADMINISTRATIVE LAW JUDGE AND APPEALS COUNCIL LEVELS OF ADMINISTRATIVE REVIEW; MEDICAL EQUIVALENCE, 1996 WL 374180, at *3 (1996).

[6] *Davis v. Comm'r of Soc. Sec.*, No. 1:17-cv-14115, 2019 WL 1028026, at *10 (E.D. Mich. Jan. 29, 2019) (citing *Moran v. Comm'r of Soc. Sec.*, 40 F. Supp. 3d 896, 923 (E.D. Mich. 2014)), *report and recommendation adopted by* 2019 WL 1013029 (E.D. Mich. Mar. 4, 2019).

[7] *Davis*, 2019 WL 1028026, at *10 (citing *Moran*, 40 F. Supp. 3d at 923 (collecting cases)).

[8] *Marok v. Astrue*, No. 5:08CV 1832, 2010 WL 2294056, at *3 (N.D. Ohio June 3, 2010) (citing *Bledsoe v. Barnhart,* No. 04-4531, 2006 WL 229795, at *411 (6th Cir. Jan. 31, 2006)).

[9] *Eiland v. Astrue*, No. 1:10CV2436, 2012 WL 359677, at *9 (N.D. Ohio Feb. 2, 2012) (citing *Marok*, 2010 WL 2294056, at *3 (citations omitted)).

[10] *Jones v. Comm'r of Soc. Sec.*, 5:10CV2621, 2012 WL 946997, at *8 (N.D. Ohio March 20, 2012).

Three provides an insufficient explanation for a conclusion regarding the meeting of a listing and so requires a remand.[11]

Here, the state agency reviewing physicians completed SSA-831 forms at both the initial and reconsideration levels.[12] These are accompanied by Disability Determination Explanations.[13] These explanations both state "[t]here is no applicable listing for any of the [medically determinable impairments] established. Clmt has narcolepsy and cataplexy."[14] The ALJ acknowledges in her decision that, under POMS, there is the potential for equivalency with Listing § 11.02.[15] Yet the ALJ credited the opinions of the state agency reviewing physicians on equivalency, even though it appears that they did not consider Listing § 11.02.[16] The ALJ further states – accurately – that no treating or examining physician opined that Westover equaled Listing § 11.02. The remainder of the ALJ's Step Three analysis consists of the following:

> All of the listings were considered in reaching this finding, with specific emphasis on listing 11.02, per the POMS DI 24580.005. The severity of narcolepsy is evaluated after a period of 3 months of prescribed treatment, with review of EEGs, evaluation of sleep patterns, types of treatment, and

---

[11] *Id.*; *Cunningham v. Comm'r of Soc. Sec.*, No. 5:10CV1001, 2012 WL 1035873, at *2 (N.D. Ohio March 27, 2012) (citations omitted) (Baughman, MJ); *Shea v. Astrue*, No. 1:11 CV 1076, 2012 WL 967088, at *10 n. 6 (N.D. Ohio Feb. 13, 2012) (citations omitted); *May v. Astrue*, No. 4:10CV1533, 2011 WL 3490186, at *9 (N.D. Ohio June 1, 2011), *report and recommendation adopted by* 2011 WL 3490229 (N.D. Ohio Aug. 10, 2011); *Marok*, 2010 WL 2294056, at **4-5.

[12] ECF No. 10, Transcript ("Tr.") at 84, 93.

[13] *Id.* at 76-83, 85-92.

[14] *Id.* at 79, 87.

[15] *Id.* at 25.

[16] *Id.* at 24-25.

> response to medications, in light of the description of the
> alleged narcoleptic attacks and secondary events, such as
> cataplexy, hypnagogic hallucinations, or sleep paralysis.
> The claimant's representative argued that she could equal
> Listing 11.02 given the "frequency and severity of her
> narcolepsy episodes with cataplexy."[17]

So where does that leave us?   As stated above, Westover bears the burden of proof

at Step Three.   Westover argues that certain medical findings satisfy this burden, but that

assumes that the ALJ can interpret those findings without an acceptable source opinion.

Here, in the absence of an acceptable medical source opinion offered by Westover, can the

ALJ merely rely on the state agency reviewing physicians' opinions where, as here, it

appears the state agency reviewing physicians did not consider Listing § 11.02, which

POMS designates for equivalency analysis and which the ALJ acknowledges is the

appropriate listing?

Generally, the lack of an expert opinion on equivalence warrants remand.[18]   But

the burden at Step Three remains with Westover, and as a result, "the ALJ's failure to

consult experts about equivalence has been held irrelevant when the plaintiff fails to meet

the burden."[19]   But that is a rare case,[20] and courts should not "lightly dispense with the

requirements for expert opinion on equivalence."[21]

---

[17] *Id.* at 25 (internal citation omitted).
[18] *Davis*, 2019 WL 1028026, at *10 (citing *Moran*, 40 F. Supp. 3d at 923).
[19] *Id.* at 10.
[20] *Id.* at *13.
[21] *Id.* at 10.

Westover argues that the ALJ's cursory statements regarding Listing § 11.02 at Step Three does not permit meaningful judicial review. The ALJ below, and Westover here, discuss the relevant medical evidence as applicable to the Step Four determination of Westover's residual functional capacity. Although both may point to the medical evidence discussed in that context as bearing on Step Three, it does not permit meaningful review of the Step Three finding by the Court since no medical source provided an opinion on equivalency as required and the ALJ failed to evaluate the evidence, compare it to the criteria of the Listing, and give an explained conclusion as required.[22] This would require the Court to "play doctor." Doing so on judicial review – filling in gaps that can only be addressed by acceptable medical source opinion – is not permitted, especially in this type of case where equivalency is the *only* argument that can be made at Step Three. This is not a case where it is clear the error is harmless.[23] Remand is therefore required.

I decline to reach the other alleged errors Westover presents on judicial review.

---

[22] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011). The Sixth Circuit's insistence on the articulation of reviewable reasons directly follows from the ALJ's statutory duties at 5 U.S.C. § 557(C)(3)(A) to include the "reasons or basis" for a decision. Therefore, the Sixth Circuit has determined that the "reasons requirement" is both a procedural and substantive requirement, "necessary in order to facilitate effective and meaningful judicial review." *Shea*, 2012 WL 967088, at *10 n. 6 (quoting *Reynolds*, 424 F. App'x at 414).

[23] *Cf. Davis*, 2019 WL 1028026, at *11 ("More importantly, a glance at listings 1.02 and 1.04 removes all doubt that the error was harmless.") (citations omitted). "While courts should not lightly dispense with the requirements for expert opinion on equivalence, here the error cannot be considered harmful. Evidence of equivalence cannot be squeezed out of the thin medical record, especially with the barebones – at best – argument Plaintiff offers in his brief. I suggest, then, that this is the *rare* case where remand is not required." *Id.* at *13 (emphasis added).

**Conclusion**

The Commissioner's finding that Westover had no disability lacks substantial evidence. Accordingly, the decision of the Commissioner denying Westover disability insurance benefits is reversed and remanded for receipt of expert opinion evidence on medical equivalence at Step Three with the assistance of the opinion of a medical expert, if appropriate. The ALJ must also properly articulate his or her findings at Step Three in accordance with the law of this circuit.

IT IS SO ORDERED.


Dated: March 18, 2019                                   s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge